UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DYER,

    Plaintiff,                            CIVIL ACTION NO. 06-CV-10638-DT

  v.                                     DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                           MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on May 16, 2003, alleging that he had become disabled and unable to work on May 20, 2001, at age 32, due to osteoarthritis in the left knee, bipolar disorder and polysubstance abuse. Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on June 17, 2005, before Administrative Law Judge (ALJ) Richard Wurderman. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. The ALJ restricted claimant to simple, repetitive tasks, which did not require a high level of concentration. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary

Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 36 years old at the time of the administrative hearing (TR 372). He had earned the equivalent of a high school education, and had been employed during the relevant past as a meat packer, mechanic, construction laborer and machine operator (TR 62, 65-70). As a meat packer, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 20 pounds on a regular basis (TR 66). Claimant stopped working in May 2001, due to severe knee pain (TR 373). The claimant testified that he remained disabled due to chronic pain in his left knee (TR 373-374). He also experienced stress induced migraine headaches several times a week (TR 386). Plaintiff added that mental difficulties sometimes interfered with his memory (TR 379). Pain medications proved ineffective and made him lethargic (TR 375-376, 379). He alleged that he needed to lie down twice a day, for up to four hours at a time, in order to relieve his pain and fatigue (TR 376, 379). Plaintiff estimated that he could stand for 60 minutes, sit for 60 minutes, walk just short distances and lift about 5 pounds (TR 377). He claimed that he had no friends and socialized only with his wife and four children (TR 373, 383).

A Vocational Expert, Mary Williams, classified Plaintiff's past work as light to heavy, semi-skilled activity (TR 389-390). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 391). If he were capable of sedentary work, however, there were numerous unskilled assembly, inspection, clerical and

---

[1]The witness opined that claimant's alleged need to lie down for most of the day would preclude all work activity (TR 391). The VE added that claimant's alleged inability to complete tasks in a timely manner would also preclude all work activity (TR 391).

**2**

surveillance jobs that he could perform with minimal vocational adjustment (TR 390-391). These jobs provided a sit-stand option, and did not require performing complex tasks (TR 390-391).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of osteoarthritis of the left knee, status post arthroscopic knee surgery, bipolar disorder and polysubstance abuse in remission, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's mental difficulties limited him to low-stress, simple jobs that did not require a high level of concentration. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity.  He also argues that the ALJ improperly evaluated his credibility, particularly with regard to his mental difficulties. Plaintiff further argues that the ALJ did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his knee pain or emotional difficulties.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, sedentary work.  Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling left knee pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Following claimant's most recent left knee surgery in June 2004, the surgeon, Dr. Bryon Chamberlain, reported that Plaintiff was fully weight bearing within two months of the operation (TR 235).  The doctor noted that the claimant had full left knee extension and 120

**4**

degrees of flexion (TR 234). In a follow-up report, dated October 14, 2004, Dr. Chamberlain recommended that Plaintiff protect his left knee for about 6 months by not doing any heavy lifting, twisting, running, climbing, squatting or kneeling (TR 281).

A consultative physical examination by Dr. Brian de Beaubien in November 2004, revealed that Plaintiff had "pretty good" left knee motion with full extension and deep knee flexion (TR 289). Further post-operative evaluations of claimant's left knee reflected good movement, and right knee motion was completely unrestricted (TR 269, 320). Significantly, not one physician concluded that Plaintiff was unable to work because of his knee condition. Moreover, the claimant reported that he did not take pain medication for his knee pain (TR 100). He explained that he refrained from taking prescription pain relief medications in light of his past substance abuse (TR 375). The medical evidence also failed to support Plaintiff's allegation that he needed to lie down every day for extended periods of time. In view of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from left knee pain were not fully credible.

Contrary to Plaintiff's assertion, the ALJ properly found that the record did not show that claimant's moderate limitation in concentration, persistence or pace would preclude all types of work activity. The fact that Plaintiff enjoyed assembling model cars as his main hobby (TR 379) belies the notion that his concentration difficulties were severe enough to prevent him from performing sedentary work involving simple, routine tasks. When evaluating Plaintiff's residual mental functional capacity, the Administrative Law Judge took into consideration the opinion of Dr. Arthur Dundon, a state agency physician, who reviewed claimant's medical record in August 2003. The doctor opined that the claimant

could perform unskilled work that did not require sustained concentration, attention to detail, or interaction with the public (TR 197). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's cognitive disorder would not interfere with his ability to engage in a wide range of substantial gainful activity.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments[2], the Vocational Expert testified that there were numerous

---

[2]There is no support for Plaintiff's argument that the ALJ did not consider his impairments in combination when assessing his residual functional capacity (RFC).  A review of the ALJ's decision shows that he considered all of the claimant's impairments. The Law Judge throughly discussed the medical record, and his RFC finding included both exertional and non-exertional impairments (TR 20).

unskilled assembly, inspection, clerical and surveillance jobs that he could perform with minimal vocational adjustment (TR 390-391). These jobs provided a sit-stand option, and did not require performing complex tasks (TR 390-391). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages

in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    s/Donald A. Scheer
                    DONALD A. SCHEER
                    UNITED STATES MAGISTRATE JUDGE

DATED: July 26, 2006

_____

## CERTIFICATE OF SERVICE

     I hereby certify on July 26, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 26, 2006. **None.**

                    s/Michael E. Lang
                    Deputy Clerk to
                    Magistrate Judge Donald A. Scheer
                    (313) 234-5217